IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE J. MOTT,

      Plaintiff,

v.                                  CASE NO.  4:08cv70-RH/WCS

GEORGE D. EDDINGS, etc., et al.,

      Defendants.

_____/

## ORDER ON MOTION TO EXCLUDE PLAINTIFF'S EXPERTS

After repeated failures to comply with the applicable rules, the plaintiff nonetheless was given an extension of time to file expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2).  The plaintiff filed disclosures for three experts, but none complied fully with Rule 26(a)(2).  The defendant called the deficiencies to the plaintiff's attention in a letter demonstrating admirable professional courtesy.  Remarkably, the plaintiff still failed to comply with the rule.  The failure to comply was not substantially justified.

Compliance is not optional.  An expert will not be allowed to testify unless the plaintiff demonstrates that the failure to comply fully and timely caused no prejudice to the defendant.  And if full compliance is not complete by October 24,

2008, I will presume it has caused prejudice.  I will do this because providing the information sufficiently in advance of trial (and in advance of any deposition) is essential in order to allow the party receiving the disclosures to prepare adequately for trial (or for any deposition).

Thus, for example, one reason why an expert must disclose the cases in which he has previously testified is so that the opposing attorney can check on what the expert said.  This takes time.  In the run up to a trial, time is scarce and precious.  The rules and applicable scheduling orders do not allow a party to force the adversary either to forego an inquiry into the expert's prior testimony or to make an inquiry on the eve of trial.  The same is true of other categories of required expert disclosures.  Inadequate or late disclosures are grounds for excluding the expert.

This does not mean, however, that the defendant should forego a deposition it intended to take that would have obviated any prejudice.  So long as the plaintiff makes full disclosures by October 24, any harm that could have been obviated by a deposition will not be deemed prejudicial.

For these reasons,

IT IS ORDERED:

The defendant's motion to exclude the plaintiff's experts (document 47) is GRANTED IN PART.  An expert will be allowed to testify for the plaintiff only

upon a showing that full Rule 26(a)(2) disclosures for the expert were made by October 24, 2008, and that the failure to make full disclosures earlier caused no prejudice to the defendant.

    SO ORDERED on August 8, 2008.

s/Robert L. Hinkle
Chief United States District Judge
